## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE ("Agreement") is entered into between TRACY MCNIGHT (hereinafter referred to as "Plaintiff") and MSV SERVICES, INC. and SERGEY MANGAYAN (referred to collectively as "Defendants"). TRACY MCNIGHT is defined to include him in his individual capacity and any and all entities, subsidiaries, affiliates, related companies, shareholders, assigns, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities), as well as his heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and his insurers who are related and/or affiliated with TRACY MCNIGHT.

WHEREAS, Plaintiff initially filed a lawsuit against Defendants in the Circuit Court in and for Miami-Dade County, Florida, styled TRACY MCNIGHT vs. MSV SERVICES, INC. and SERGEY MANGAYAN, Case No. 2015-018804 CA 25 (hereinafter referred to as the "State Action");

WHEREAS, the State Action was removed to the United States District Court, Southern District of Florida, styled TRACY MCNIGHT vs. MSV SERVICES, INC. and SERGEY MANGAYAN, Case No. 1:15-cv-23578 (hereinafter referred to as the "Federal Action");

WHEREAS, any and all references herein to allegations, claims, lawsuit(s), case(s), and the like include both the State Action and Federal Action;

WHEREAS, Defendants deny all of the allegations made by Plaintiff in the cases; and,

WHEREAS, the parties prefer to avoid the uncertainties and expense of further litigation and, instead, desire to set forth in this Agreement, without establishing precedent, the terms and

conditions of the settlement of Plaintiff's claims, including the release of any and all claims that he has or could possibly have against Defendants, in exchange for the consideration described herein.

NOW, THEREFORE, in consideration of their mutual promises and other good and valuable consideration, receipt of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1. **Consideration.**

In consideration for Plaintiff's agreement to give the release stated in this Agreement, in addition to fulfilling the other promises set forth herein, Defendants agree to provide the following consideration to compensate Plaintiff for alleged unpaid overtime wages; unpaid minimum wages; back wages; front wages; damages for retaliation; damages for breach of agreement; damages for quantum meruit; damages for unjust enrichment; damages for reasonable value of services performed and provided by Plaintiff to Defendants; compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; double damages; liquidated damages; attorneys' fees; costs; interest; and any other relief sought by Plaintiff in the cases:

Defendants will pay to Plaintiff the sum of Ten Thousand Dollars ($10,000.00), which Plaintiff accepts in settlement of all present and future claims. The settlement proceeds shall be paid as follows:

   a)   On or before ten (10) days after both State and Federal Court approval of this settlement, a check made payable to TRACY MCNIGHT in the amount of $3850 without tax deduction with the issuance of a tax form 1099, a second check payable to TRACY MCNIGHT in the amount of $1650 with a tax deduction with the issuance of a tax form W-2 and a third check made payable to Remer & Georges-Pierre, PLLC in the amount of $4,500 for Plaintiff's attorney's

fees and cost without tax deductions and will issue a tax form 1099. If Defendants pay the amounts stated herein, Plaintiff TRACY MCNIGHT agrees to file a joint stipulation for dismissal with prejudice of any and all claims in both cases.

Should Defendants fail to make any of the above outlined payments or if any check is returned for insufficient funds, Plaintiff's counsel shall send a notice of default via email to Defendants' counsel. Defendants shall have (5) five days from the date of the Notice of Default to cure said default. If Defendants fail to cure the default, Plaintiff shall be entitled to a Default Judgment against Defendants, jointly and severally, in the amount of $10,000.00, less any payments that have already been made and cleared plus all attorneys' fees and costs of collections. Defendants shall also pay an additional penalty of $100.00 for each returned check.

Plaintiff agrees that the consideration being provided by Defendants in this Agreement constitutes adequate and ample consideration for the rights and claims she is waiving under this Agreement and for the obligation imposed upon her by virtue of this Agreement.

2. **No Lawsuits or Claims.**

Plaintiff and Defendants represent and agree that they will not hereafter pursue, initiate, or cause to be instituted against each other, any dispute that is released herein. Plaintiff further represents that he does not currently have pending before any court or before any federal, state, local, or other governmental agency any dispute of any kind against Defendants, other than the State Action and Federal Action. If it is determined that Plaintiff has any other lawsuit, petition, action, or charge of discrimination, or other claim pending against Defendants, Plaintiff agrees to dismiss any such claims, with prejudice, immediately upon determining that such charge or claim is pending.

### 3.     Mutual Full Waiver and Release of All Claims.

In exchange for the consideration described in this Agreement, Plaintiff and Defendants irrevocably, knowingly, and voluntarily releases, waives, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which they have or may have against each other from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendants concerning her employment, wages, and separation from employment with Defendants.

The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis.  This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.   The disputes released by Plaintiff and Defendants also include any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy,

defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Plaintiff also agrees and acknowledges that this Agreement is also entered into pursuant to Section 440.20(11)(c)(d) and (e), Florida Statutes, and is intended to be a complete and final settlement of any and all workers' compensation benefits under Chapter 440, Florida Statutes, including, but not limited to, future medical benefits, as well as a complete and final settlement pursuant to any other applicable state and federal laws, regulations, and other controlling authority. Plaintiff also stipulates that all accidents, injuries, repetitive traumas, exposures, occupational diseases, or other such injuries known to have occurred or been sustained due to employment by Defendants have been revealed. Plaintiff agrees that this Agreement includes all accidents, occupational diseases, injuries, and the like sustained while employed by Defendants, whether reported or not. It is Plaintiff's and Defendants' intention to fully, finally and forever resolve and release any and all disputes that they may have or believe they have against each other with respect

to any alleged actions or inactions occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

### 4. No Future Employment.

Plaintiff agrees that he will never seek employment or reinstatement of her employment with Defendants. Plaintiff also agrees that should she breach this provision of the Agreement in that she seeks reemployment or reinstatement and, thereafter, files any type of administrative or legal action, that such administrative or legal action shall be immediately dismissed with prejudice, that Defendants shall be entitled to an injunction barring such action, and that the prevailing party shall be entitled to recover its attorneys' fees and costs.

### 5. No Admission of Liability or Wrongdoing.

The parties to this Agreement agree that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Indeed, the parties deny that any of them engaged in any wrongdoing of any kind with respect to any other party.

### 6. Tax Consequences of Settlement.

Plaintiff understands and agrees that should the IRS, or any other taxing authority or other federal, state, or local agency assert, argue, or determine that any money received or paid pursuant to this Agreement that was not subject to withholding and/or deductions, is taxable wages, income, or benefits of any kind, Plaintiff will be solely and individually responsible for the payment of any and all taxes, contributions, withholdings, or deductions. Plaintiff's responsibility for such taxes, withholding, contribution and/or deduction includes, but not limited to, the amount of the tax, withholding, contribution and/or deduction as well as any and all penalties, interest, fees, fines, attorneys' fees and costs, related to the amount of taxes, withholding, contribution and/or

deduction that should have been paid by Plaintiff. Plaintiff further agrees that she will indemnify, reimburse, and hold Defendants harmless for any and all taxes, contributions, withholdings, deductions, fees, attorneys' fees and costs, interest and/or penalties related to the amount of taxes, withholding, contribution and/or deduction attributable to what should have been paid by Plaintiff.

### 7. Confidentiality.

All parties and counsel agree that this Agreement is confidential and the terms herein are not to be disclosed to anyone other than the parties to this action, counsel of the parties, others with a legal "need to know," or pursuant to a court order. If any party or counsel is asked about the resolution of this matter, the only allowable response is that the matter was resolved to the satisfaction of all parties and that the settlement terms cannot be disclosed. All parties and counsel agree that it is difficult to ascertain actual damages for breach of this Agreement, or otherwise impractical or impossible to calculate said damages, and they therefore agree to liquidated damages in the amount of One Thousand and 00/100 Dollars ($1,000.00) in the event of a breach of this clause for each event of a breach of this clause.

### 8. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, and where applicable, federal laws. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly construed for or against either party.

### 9. Entire Agreement; Amendment; Signatures.

This Agreement and its attachment set forth the entire agreement between the parties and supersede any and all prior agreements or understandings between the parties. This Agreement

may not be amended except by a written agreement signed by the parties or signed by their respective administrators, trustees, personal representatives, or successors.

### 10. Headings.

Section headings and subheadings are used in this Agreement for ease of reference only and shall not affect the meaning of any provision of this Agreement.

### 11. Disputes.

In the event that any party to this Agreement institutes legal proceedings for breach of the terms of this Agreement, it is stipulated and agreed that such a claim shall be heard and determined in Miami-Dade County, Florida. Furthermore, in the event that it shall be necessary for any party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorneys' fees up through and including any appeals.

### 12. Entire Agreement.

Plaintiff and Defendants acknowledge that they have carefully read and understand this Agreement and agree that none of the parties have made any representations other than those contained herein. Plaintiff and Defendants also acknowledge that they have entered into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that this Agreement constitutes a **FULL AND ABSOLUTE SETTLEMENT AND BAR AS TO ANY AND ALL CLAIMS** Plaintiff and Defendants had, has, or may have against each other.

### 13. Counterparts

This Agreement may be executed by email attachment or facsimile in several counterparts and all so executed shall constitute one Agreement, binding on all the Parties hereto, notwithstanding that the Parties are not signatories to the original or same counterpart.

**THE PARTIES HAVE READ, UNDERSTOOD, AND FULLY CONSIDERED THIS AGREEMENT AND ARE MUTUALLY DESIROUS OF ENTERING INTO SUCH AGREEMENT. THE TERMS OF THIS AGREEMENT ARE THE PRODUCT OF MUTUAL NEGOTIATION AND COMPROMISE BETWEEN PLAINTIFF AND DEFENDANTS. HAVING ELECTED TO EXECUTE THIS AGREEMENT TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE BENEFITS SET FORTH ABOVE AND HEREIN, PLAINTIFF AND DEFENDANTS FREELY, KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT.**

WHEREFORE, the parties, understanding and intending to be legally bound, execute this Agreement as of this _11_ day of March, 2016.

**PLAINTIFF:**

X _____
TRACY MCNIGHT
DATE

**DEFENDANTS:**

_____
MSV SERVICES, INC., by its President
Sergey Mangayan

_____
SERGEY MANGAYAN, Individually